IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY ALLEN ARMSTRONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:14cv96-MHT |
| ) | (WO) |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Anthony Allen Armstrong's ("Armstrong") self-styled petition for writ of habeas corpus filed on January 11, 2014.[1] Doc. No. 1. At the time of filing, Armstrong was an Alabama inmate incarcerated at Fountain Correctional Center in Atmore serving concurrent state sentences for marijuana trafficking and failure to register as a sex offender. In his petition, he seeks an order directing his transfer from state custody to the custody of the Federal Bureau of Prisons ("BOP") to serve his state sentence concurrently with a federal sentence imposed by this court in January 2012.

**I.   BACKGROUND**

Prior to his conviction in this court, Armstrong was being held in the Houston County Jail on state charges of marijuana trafficking and failing to register as a sex offender in

---

[1] Armstrong originally filed his petition in the United States District Court for the Southern District of Alabama. In an order entered on February 14, 2014, that court transferred Armstrong's petition to this court. *See* Doc. Nos. 3 & 4.

violation of Alabama law. *See* Houston County Circuit Court Case Nos. CC-2011-404 & CC-2011-564. In April 2011, while the state charges were still pending, Armstrong was transferred to federal custody under a writ of habeas corpus ad prosequendum to answer in this court to federal charges of failure to register as a sex offender in violation of 18 U.S.C. § 2250 and possession of child pornography in violation of 18 U.S.C. § 2252A. *United States v. Armstrong*, Case No. 1:11cr35-MEF. In November 2011, Armstrong pled guilty in this court to the federal charges. On January 24, 2012, the court sentenced Armstrong to concurrent terms of 110 months' imprisonment, ordering that the sentence was to run consecutively to any sentence imposed in his state court case pending in Houston County. *Id.*, Doc. Nos. 61 & 63.

After his federal sentencing, Armstrong was returned to state custody. On April 5, 2012, Armstrong pled guilty to the pending state charges in the Houston County Circuit Court and was sentenced to 12 years in prison, which the state trial court ordered to run concurrently with Armstrong's federal sentence.[2] *See* Doc. No. 1 at 3-4 & 9-10.

Armstrong's inmate summary sheet from the Alabama Department of Corrections

---

[2] Subsequent to entering his sentencing judgment, the state sentencing judge entered orders purporting to "surrender jurisdiction" over Armstrong from the State of Alabama to the BOP. *See* Doc. No. 1 at 5, 8, 11, 14. In an affidavit filed with the Respondents' answer to Armstrong's instant petition, the Director of Records for the Alabama Department of Corrections ("ADOC") avers that he was advised by the Designation Officer for the BOP that Alabama had primary jurisdiction over Armstrong at that time; that the state sentencing judge could not surrender primary jurisdiction over Armstrong to the BOP; and that Armstrong would not be taken into custody by the BOP until he was released from the ADOC's custody by parole, probation, or completion of his state sentence. Respt's Ex. A at 1.

("ADOC") indicates June 7, 2015, as his minimum release date on his state sentence. Resp'ts Ex. A at 2. At some point after filing the instant habeas petition, Armstrong was committed to the custody of the BOP, and he is currently incarcerated at FCI Estill, a federal facility.[3]

## II.   DISCUSSION

In his petition, Armstrong seeks an order directing the ADOC to transfer him from state custody to the custody of the BOP to serve his Alabama prison sentence concurrently with the federal sentence imposed by this court in January 2012.[4] Doc. No. 1 at 1-2. Since filing his petition, however, Armstrong has been committed to the custody of the BOP, and he is currently incarcerated in a federal facility. Because a favorable decision on Armstrong's petition would entitle him to no additional relief, the instant action is moot. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); *Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action).

Furthermore, not only does the relief sought in Armstrong's petition run counter to this court's January 2012 sentencing order that Armstrong's federal sentence shall run

---

[3] *See* the BOP's online prisoner locator: www.bop.gov/inmateloc/ .

[4] Armstrong's petition does not challenge the validity of his Alabama convictions or his federal convictions.

3

consecutively to his state sentence, but, under the facts of this case, this court does not have authority to order that Armstrong be transferred from state custody to the custody of the BOP. *See, e.g., Del Guzzi v. United States*, 980 F.2d 1269, 1270-71 (9th Cir. 1992) (Although the state sentencing judge indicated that Del Guzzi should serve his state sentence concurrently in federal prison, "his authority was limited to sending Del Guzzi to state prison to serve his state sentence."  Moreover, federal courts have "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody.").

Armstrong seems also to suggest that the BOP should credit against his federal sentence time he served on his state sentence, because the state trial court intended that his state and federal sentences should run concurrently.[5]  *See* Doc. No. 1 at 1-2.  When Armstrong filed the instant petition, he had not begun to serve his federal sentence. Therefore, the BOP had yet to determine any credit against his federal sentence or to calculate his release date.  This issue is therefore prematurely before the court and may even have been rendered moot by events since Armstrong filed his petition, depending on the

---

[5] The proper implementation of a federal sentence is an issue for federal authorities.  A state court's decision regarding concurrency need not be followed. *Finch v. Vaughn*, 67 F.3d 909, 915-16 (11th Cir. 1995); *see also McCarthy v. Doe*, 146 F.3d 118, 120-21 (2d Cir. 1998) ("[A]lthough petitioner emphasizes the state court's designation of its sentence to run concurrently with petitioner's federal sentence, we note that the state court's intent is not binding on federal authorities.") (citing *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir. 1983) (holding federal court is not bound by terms of plea agreement between defendant and state authorities)).

4

BOP's calculations.[6] Furthermore, it is apparent that Armstrong did not exhaust this issue before filing the instant petition by presenting this claim to the BOP. The exhaustion of administrative remedies is a prerequisite for federal habeas review. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). A defendant who challenges the BOP's calculation or implementation of his sentence must exhaust his administrative remedies within the BOP prior to going to federal court via a petition for writ of habeas corpus under 28 U.S.C. § 2241.[7] *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus should be DISMISSED as moot because a favorable decision on the merits of the claims in the petition would not entitle Armstrong to any additional relief. Furthermore, under the facts of this case, this court does not have authority to order that

---

[6] Under 18 U.S.C. § 3585(a), a federal sentence "commences" on the date when a defendant is received in federal custody. *See United States v. Tubby*, 546 F. App'x 869, 871 (11th Cir. 2013). Under 18 U.S.C. § 3585(b), a defendant receives credit for time spent in state custody prior to commencement of the federal sentence only if that time "has not been credited to another sentence," e.g., his state sentence.

[7] Section 2241 petitions should be brought only in the district court for the district where the person holding the petitioner in allegedly unlawful custody is located. *E.g., Price v. Bamberg*, 845 F.Supp. 825, 826 (M.D. Ala. 1993); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).

Armstrong be transferred from state custody to the custody of the BOP, and Armstrong has demonstrated no basis for federal habeas corpus relief.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file **any objections to this Recommendation on or before March 3, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 17th day of February, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE